NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 1 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORGE OLIVERIO MORAN-CAN,

Defendant - Appellant.

No. 23-2492

D.C. No.
4:22-cr-01661-SHR-LCK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Scott H. Rash, District Judge, Presiding

Argued and Submitted March 19, 2026
Tucson, Arizona

Before: HAWKINS, HURWITZ, and DESAI, Circuit Judges.

Jorge Oliverio Moran-Can ("Moran-Can") appeals his conviction after a jury

found him guilty of two counts of assaulting a federal officer in violation of 18

U.S.C. § 111. The government charged Moran-Can after he encountered a Border

Patrol Agent near the U.S.-Mexico border and shoved the agent, causing him to fall

down a steep hill. On appeal, Moran-Can argues that (1) the government committed

---

[*]    This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

a *Batson* violation by using a peremptory strike on a Latino prospective juror; (2) the district court abused its discretion by excluding his biomechanics expert's testimony; and (3) the prosecutor committed prosecutorial misconduct by making improper statements during closing arguments.

We review whether a district court properly applied *Batson* de novo and factual findings regarding the racially discriminatory use of peremptory strikes for clear error. *United States v. Collins*, 551 F.3d 914, 919–20 (9th Cir. 2009). A district court's decision to exclude expert testimony is reviewed for abuse of discretion. *United States v. Aubrey*, 800 F.3d 1115, 1129 (9th Cir. 2015). We review a prosecutorial misconduct claim for plain error when the defendant failed to object in the district court. *United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015).

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Moran-Can's *Batson* claim fails. *See Batson v. Kentucky*, 476 U.S. 79 (1986). He challenges the prosecutor's use of a peremptory strike on one Latino prospective juror. At step three of the *Batson* inquiry, Moran-Can must prove that the strike resulted from "purposeful racial discrimination." *Purkett v. Elem*, 514 U.S. 765, 767 (1995). The prosecutor struck the prospective juror "because he basically didn't answer any questions," he was single, and he had no kids.[1] Moran-Can does

---

[1] To the extent that Moran-Can challenges the district court's conclusion that this justification was race-neutral, the challenge also fails. *See Purkett*, 514 U.S. at 767–68 ("The second step of this [analysis] does not demand an explanation that is

23-2492

not show that this justification was so "implausible or fantastic" that it was a pretext for purposeful racial discrimination, especially given that a similarly-situated Latino juror was seated on the jury. *Purkett*, 514 U.S. at 768; *see also Gonzalez v. Brown*, 585 F.3d 1202, 1210 (9th Cir. 2009).

2.      The district court did not abuse its discretion by excluding the biomechanics expert's testimony as unreliable under Rule 702 and *Daubert*. *See* Fed. R. Evid. 702(c); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). The expert's opinion was not "supported by appropriate validation" because his report failed to include explanations of the data he relied on and the experimentation he conducted. *Daubert*, 509 U.S. at 590. Additionally, the expert relied on factual assumptions that were not supported by the record or testimony. The district court also did not abuse its discretion by excluding the testimony under Rule 403 because the risk of unfair prejudice or misleading the jury substantially outweighed its minimal probative value. *See* Fed. R. Evid. 403.

3.      The district court did not plainly err by failing to grant a new trial based on prosecutorial misconduct. During closing arguments, the prosecutor referenced an inconsistency in Moran-Can's testimony that may have resulted from a translation issue. But defense counsel did not object to the alleged translation errors during

---

persuasive, or even plausible. . . . Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." (citation modified)).

Moran-Can's testimony and briefly stated afterward that "there [were] potentially translation issues," but "[n]ot enough for [her] to have pointed them out." The prosecutor thus did not plainly misrepresent the facts or draw an unreasonable inference. *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153 (9th Cir. 2012); *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997). Even if the prosecutor's comment was improper, it did not affect Moran-Can's substantial rights. The prosecutor relied on other inconsistent or implausible statements from Moran-Can's testimony that he does not challenge to argue that he was not credible. *See United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that an error affects substantial rights if it "affected the outcome of the . . . proceedings").

**AFFIRMED.**